Filed 1/9/15  P. v. Reese CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040717 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1360977) |
| v. | |
| MARQUESE REESE, | |
| Defendant and Appellant. | |

Defendant Marquese Reese appeals his judgment of conviction following no contest pleas to four counts of second-degree robbery.  (Pen. Code, §§ 211, 212.5, subd. (c).)[1]  Upon defendant's timely appeal, we appointed counsel to represent him in this court.  Appellate counsel filed a brief stating the case and facts but raising no issues.  We notified defendant of his right to submit written argument on his own behalf.  Defendant responded by filing a letter addressed to his appellate attorney and to the Clerk of this court.

We have reviewed the entire record to determine if there are any arguable appellate issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 440-441.)  We include here "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed."  (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)  We also discuss defendant's contentions and explain why we will affirm the judgment.

---

[1]  Unspecified statutory references are to the Penal Code.

# I.    TRIAL COURT PROCEEDINGS

The first amended felony complaint alleged fifteen counts related to five robberies and a vehicle theft that all occurred between late June and early July 2013.  Counts one and two alleged second-degree robbery of a Shell gas station in San Jose, with firearm use enhancements.  (Pen. Code, §§ 211, 212.5, subd. (c), 12022.53, subd. (b).)  Count three alleged possession of a firearm by a felon related to that San Jose Shell robbery.  (§ 29800, subd. (a)(1).)  Count four alleged second-degree robbery of a Stop and Buy store with a firearm use enhancement.  (§§ 211, 212.5, subd. (c), 12022.53, subd. (b).)  Count five alleged possession of a firearm by a felon related to the Stop and Buy robbery.  (§ 29800, subd. (a)(1).)  Count six alleged second-degree robbery of a Shell gas station in Palo Alto with a firearm use enhancement.  (§§ 211, 212.5, subd. (c), 12022.53, subd. (b).)  Count seven alleged possession of a firearm by a felon related to the Palo Alto Shell robbery.  (§ 29800, subd. (a)(1).)  Counts eight and nine alleged second-degree robbery of a USA Gas Station with firearm use enhancements.  (§§ 211, 212.5, subd. (c), 12022.53, subd. (b).)  Count ten alleged possession of a firearm by a felon related to the USA Gas Station robbery.  (§ 29800, subd. (a)(1).)  Counts eleven and twelve alleged second-degree robbery of a Valero gas station with firearm use enhancements.  (§§ 211, 212.5, subd. (c), 12022.53, subd. (b).)  Count thirteen alleged possession of a firearm by a felon related to the Valero robbery.  (§ 29800, subd. (a)(1).)  Count fourteen alleged theft of a vehicle.  (Veh. Code, § 10851, subd. (a).)  Count fifteen alleged defendant resisted arrest.  (§ 148, subd. (a)(1).)  The first amended complaint also alleged two prior felony convictions resulting in prison terms (one for vehicle theft (Veh. Code, § 10851, subd. (a)) and the other for evading a peace officer (Veh. Code, § 2800.2)).  (§ 667.5, subd. (b).)

The parties reached a plea agreement, which was stated on the record at a December 2013 hearing.  Defendant affirmed, among other things, that he had not been pressured to enter a plea agreement and that he would be giving up important

2

constitutional rights. Defendant pleaded no contest to four counts of second-degree robbery (counts one, four, six, and nine), and he admitted one section 12022.5, subdivision (a) firearm use enhancement related to count one (instead of under section 12022.53 as alleged in the first amended complaint). The People agreed to dismiss the remaining counts as well as the section 667.5 prison priors, subject to a *Harvey*[2] waiver regarding victim restitution. The parties stipulated to a factual basis for the pleas. Under the agreement, the trial court retained discretion to sentence defendant to between eight and ten years in state prison.

The court imposed a 10-year sentence, consisting of: (count one) three-year middle term for second-degree robbery and four-year middle term for the firearm enhancement; (count four) one year (one-third the middle term) for second-degree robbery; (count six) one year (one-third the middle term) for second-degree robbery; and (count nine) one year (one-third the middle term) for second-degree robbery. Defendant received 224 days of presentence credit toward count one based on 195 days actual custody plus 29 conduct credits. The court also imposed the following without objection: $280 minimum restitution fund fine (§ 1202.4, subd. (b)(1)); a suspended $280 probation revocation fine (§ 1202.44); $10 theft fine (§ 1202.5), with no penalty assessments; $160 court operations assessment penalty ($40 per felony conviction) (§ 1465.8); $120 court facilities funding assessment ($30 per felony conviction) (Gov. Code, § 70373); $129.75 criminal justice administration fee to the City of San Jose (Gov. Code, §§ 29550-29550.2); and victim restitution totaling $1,680. The trial court granted defendant's request for a certificate of probable cause.

## II.    DEFENDANT'S CONTENTIONS

Defendant raises three issues in his letter, all arising before he pleaded no contest. He asserts that his trial counsel pressured him to accept the plea agreement, that he was

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

"not on [his] medication" when he pleaded no contest, and that he was not provided a mental health evaluation while in county jail.

Because defendant obtained a certificate of probable cause from the trial court, his claims are cognizable on appeal. (*People v. Panizzon* (1996) 13 Cal.4th 68, 76, 79 [noting that appeal raising "issues going to the validity of a plea" requires a certificate of probable cause].) However, defendant's claims are contradicted by the record. The trial court signed an order directing a psychotherapist to meet with defendant and provide information to defendant's trial counsel to help counsel "advise the defendant whether to enter or withdraw a plea based on insanity or to present a defense based upon mental or emotional condition." Regarding pressure to accept a plea, the defendant responded "No" when asked by the court whether anyone had "threatened, pressured, or coerced you" into pleading no contest. If defendant's claims are based on material outside the record, they must be raised by petition for writ of habeas corpus and not by appeal. (*In re Bower* (1985) 38 Cal.3d 865, 872.)

We have reviewed defendant's letter and the entire record and find no arguable issue.

### III.    DISPOSITION

The judgment is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Bamattre-Manoukian, Acting P.J.

_____

Mihara, J.